1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                         * * *

6    THEODORE TSATSA,                              Case No. 3:24-cv-00165-MMD-CLB

7                               Plaintiff,                ORDER
          v.
8
     STATE OF NEVADA, *et al.*,
9
                               Defendants.
10

11   **I.     SUMMARY**

12        Plaintiff Theodore Tsatsa brings this civil rights action under 42 U.S.C. § 1983 to

13   redress constitutional violations that he alleges he suffered while incarcerated at Northern

14   Nevada Correctional Center. (ECF No. 8 at 1.) On September 17, 2024, this Court

15   ordered Plaintiff to update his address by October 17, 2024. (ECF No. 10 at 1.) That

16   deadline expired and Plaintiff failed to file an updated address; his mail from the Court

17   has been returned as undeliverable. (ECF No. 13.)

18   **II.    DISCUSSION**

19        District courts have the inherent power to control their dockets and "[i]n the

20   exercise of that power, they may impose sanctions including, where appropriate . . .

21   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

22   (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

23   order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

24   1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

25   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

26   Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

27   dismiss an action on one of these grounds, the Court must consider: (1) the public's

28   interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

1    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

2    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

3    *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

4    *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

5          The first two factors, the public's interest in expeditiously resolving this litigation

6    and the Court's interest in managing its docket, weigh in favor of dismissal of Tsatsa's

7    claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

8    because a presumption of injury arises from the occurrence of unreasonable delay in filing

9    a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

10   F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of

11   cases on their merits, is greatly outweighed by the factors favoring dismissal.

12         The fifth factor requires the Court to consider whether less drastic alternatives can

13   be used to correct the party's failure that brought about the Court's need to consider

14   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

15   that considering less drastic alternatives *before* the party has disobeyed a court order

16   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

17   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

18   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

19   order as satisfying this element[,]" *i.e.*, the "initial granting of leave to amend coupled with

20   the warning of dismissal for failure to comply[,]" has been "eroded" by *Yourish*). Courts

21   "need not exhaust every sanction short of dismissal before finally dismissing a case, but

22   must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d

23   1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the

24   ability for the Court and Defendants to send Plaintiff case-related documents, filings, and

25   orders, the only alternative is to enter a second order setting another deadline. But without

26   an updated address, the likelihood that the second order would even reach Plaintiff is low,

27   so issuing a second order will only delay the inevitable and further squander the Court's

28   finite resources. Setting another deadline is not a meaningful alternative given these

1  circumstances. So the fifth factor favors dismissal. Having thoroughly considered each

2  factor, the Court finds that they weigh in favor of dismissal.

3  **III.    CONCLUSION**

4      It is therefore ordered that this action is dismissed without prejudice based on

5  Plaintiff's failure to file an updated address in compliance with this Court's September 17,

6  2024, order.

7      The Clerk of Court is further directed to enter judgment accordingly and close this

8  case. No other documents may be filed in this now-closed case. If Plaintiff wishes to

9  pursue his claims, he must file a complaint in a new case and provide the Court with his

10 current address.

11     DATED THIS 28th Day of October 2024.

12

13                                  MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3